UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------
WILLIAM J. MURRAY III,

                  Plaintiff,

    -against-

NAZARETH REGIONAL HIGH SCHOOL a/k/a
NAZARETH HIGH SCHOOL; XAVERIAN
BROTHERS USA INC a/k/a CONGREGATION
OF ST. FRANCIS XAVIER,

                  Defendants.
------

**MEMORANDUM & ORDER**
20-CV-1471 (NGG) (RML)

NICHOLAS G. GARAUFIS, United States District Judge.

Over three years ago, Judge Raymond J. Dearie granted Defendant Roman Catholic Diocese of Brooklyn's ("The Diocese") motion to dismiss Plaintiff William J. Murray III's ("Murray") Second Amended Complaint. (Mem. & Order ("Order") (Dkt. 81) at 1.) Murray now moves for reconsideration of that order. (Pl.'s Mem. in Supp. of Mot. for Recons. Under R. 60(b)(6) ("Pl.'s Mot.") (Dkt. 116-2).) The court DENIES his motion as untimely.

## I. BACKGROUND

This case arises from Murray's tragic allegations of sexual assault as a child at a Maryland Catholic summer camp. (Order at 1-2.) In March 2020 Murray filed suit, (Compl. (Dkt. 1)), alleging that the camp was "owned, operated, and/or controlled" by the Diocese, (*id.* at 2). On August 5, 2022, Judge Dearie granted the Diocese's motion to dismiss the Second Amended Complaint. (Order at 1.) The court determined that Murray could not "ascribe knowledge to the Diocese" that he was sexually assaulted and further explained that Murray relied only on "generalized allegations" rather than "factual support" for his claims. (*Id.* at 8.) On November 21, 2025, Murray filed the present motion, asking the court to reconsider that dismissal. (Pl.'s Mot. at 1.)

## II. MOTION FOR RECONSIDERATION LEGAL STANDARD

A motion for reconsideration under Federal Rule of Civil Procedure 60(b) permits a party to seek relief from "a final judgment, order, or proceeding" for one of six enumerated grounds. Fed. R. Civ. P. 60(b). Relevant here are three: "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," and "any other reason that justifies relief." *Id.* 60(b)(1)-(2), (6). To seek reconsideration under the first two of these grounds, a party must file its motion "no later than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c)(1). Motions under the third of these grounds are not subject to the one-year limitation and only need to "be made within a reasonable time." *Id.*

The Second Circuit, recognizing the risk that "parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)," has held that "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)). The same is true for Rule 60(b)(2). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) ("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").

## III. DISCUSSION

Murray's motion for reconsideration is untimely and therefore fails. He styles his motion under Rule 60(b)(6), which as discussed is not subject to Rule 60(c)'s one-year time bar. (*See* Pl.'s Mot. at 6.) But his motion is grounded on "the discovery of newly obtained evidence" and that the court purportedly "overlooked... binding authority." (*Id.* at 4, 7.) As the Diocese

explains, these claims can "be properly brought under Rule[s] 60(b)(1) and (b)(2)." (The Diocese's Mem. in Opp. to Pl.'s Mot. for Recons. (Dkt. 116-3) at 7.). Because those grounds for relief are "mutually exclusive" from Rule 60(b)(6), Murray cannot use that subsection to "circumvent" the one-year time bar. *See Stevens*, 676 F.3d at 67 (quoting *Cirami*, 535 F.2d at 740). Consequently, his motion is properly construed under Rules 60(b)(1) and (b)(2). *See id.* Given that Murray has filed the present motion over three years after the order that it challenges, the court denies it as untimely. *See* Fed. R. Civ. P. 60(c).[1]

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Murray's motion for reconsideration.

SO ORDERED.

Dated:   Brooklyn, New York
         December 17, 2025

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Because the court determines that Murray's motion is untimely, it need not address Defendant Xavierian Brothers USA's separate Response in Partial Opposition to Murray's motion for reconsideration. (*See generally* Resp. in Partial Opp. to Pl.'s Mot. for Recons. (Dkt. 116-5).) Nor does the court need to address Murray's Reply Brief addressing only that response. (*See generally* Pl.'s Reply to Xavierian Brothers' Resp. (Dkt. 116-6).)